UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CLAYTON STOCKS,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN D. BERNT, ATNA RESOURCES, INC., a Nevada corporation, and any and all other persons unknown claiming any right, title, estate, lien or interest in the real property described in the complaint adverse to Plaintiff's ownership, or any cloud on Plaintiff's title thereto,<br><br>        Defendant. | 3:06-CV-0426-RAM<br><br>FINDINGS OF FACT<br>AND CONCLUSIONS OF LAW |

This action came on regularly for trial May 19 and 20, 2008, before the undersigned United States Magistrate Judge, sitting without a jury, the Plaintiff being represented by Ross E. de Lipkau, Esq. of the firm Parsons, Behle & Latimer and the Defendant being represented by Stewart R. Wilson, Esq. of the firm Wilson, Barrows & Salyer. Having considered the testimony given in open court and the exhibits admitted by the court, the court makes the following:

## FINDINGS OF FACT

1. On March 13, 1995, Plaintiff Clayton Stocks (Stocks) placed the location monuments for the Amy, Amy 1 and Amy 2 unpatented lode mining claims on a mountain south of Jarbidge, Nevada.

2. On or about April 1, 1995, Stocks returned and staked the corners of the Amy, Amy 1 and Amy 2 claims with 2x2 claim stakes.

3. On April 10, 1995, Guy Higley filed three Certificates of Lode Mining Claim with the Elko County Recorder on behalf of himself and Stocks as owners. The claim names

were Amy, Amy 1 and Amy 2.

4. Corner No. 1 of Amy was described as being identical to the northwest corner of Buster No. 3, a previously located patented mining claim. Amy 1 substantially overlaps Buster No. 3. Amy 1 and 2 partially overlap Whitetop, another pre-existing patented mining claim.

5. On May 14, 2001, Guy Higley conveyed all of his right, title and interest in the Amy claims to Stocks.

6. Two witnesses, Guy Higley and Grant Gerber saw the existence of some Amy corner posts and the Amy location monument but could not identify the exact positions of these posts with absolute certainty.

7. By November 15, 2001, the Amy, Amy 1 and Amy 2 corner posts and the Amy 1 and Amy 2 location monuments were no longer visible.

8. On November 15, 2001, Defendant John D. Bernt (Bernt) placed location monuments and staked all four corners for each of two unpatented mining claims, Buckeye No. 1 and Buckeye No. 2.

9. On February 13, 2002, Bernt filed Certificates of Location for Buckeye No. 1 and Buckeye No. 2 with the Elko County Recorder's Office.

10. Buckeye No. 1 and Buckeye No. 2 partially overlapped Buster No. 3 and Amy and Amy No. 1.

11. The location monuments for Buckeye No. 1 and Buckeye No. 2 were not within the boundaries of Buster No. 3 or either Amy claim.

12. On December 5, 2003, Bernt entered into an Agreement to Purchase Mining Claims with Atna Resources, Inc. (Atna), which included Buckeye No. 1 and Buckeye No. 2.

13. Commencing in 1995, and continuing in each assessment year thereafter through August 2007, Stocks timely filed proper maintenance evidence with and/or paid the statutory annual maintenance fees for the Amy claims to BLM pursuant to 4 U.S.C. § 1744(a)(2000). Pursuant to Nevada Revised Statutes § 17.230(3)(2005), he also

1.     timely recorded Notices of Intent to Hold with the Elko County Recorder, for all assessment years beginning in 1995, continuously through the assessment year ending September 1, 2007.

14. Bernt timely filed with BLM, commencing with the year of purported location and continuing each year thereafter through August 2007, the maintenance evidence, or paid to BLM the statutory annual maintenance fees for the Buckeye claims. He also timely filed or recorded Notices of Intent to Hold for the Buckeye claims with the Elko County Recorder through the assessment year ending September 1, 2007.

## CONCLUSIONS OF LAW

1. The discoveries for Stocks' Amy, Amy 1 and Amy 2 were on open ground, and the claims were staked, certified and maintained in accordance with law.

2. The discoveries for Bernt's Buckeye No. 1 and No. 2 were on open ground, and the claims were staked, certificated and maintained in accordance with law.

3. Since the corner stakes for the Amy claims no longer exist, the location of the Amy, Amy 1 and Amy 2 claims must be governed by their Certificates of Location. The bearings and the distances in the location documents are very specific and Stocks is bound by these bearings and distances.

4. Both the Amy claims as bound by the bearings and distances in the Certificates of Location and the Buckeye claims can legally coexist.

WHEREFORE, IT IS HEREBY ORDERED that judgment be entered in favor of Plaintiff Stocks in accordance with the above Findings of Fact and Conclusions of Law.

LET JUDGMENT ENTER ACCORDINGLY.

DATED: June 10, 2008.

_____
UNITED STATES MAGISTRATE JUDGE